DELGADO ET AL., PLAINTIFFS AND APPELLANTS, *v.* BOUILLERCE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 2777.—Decided January 8, 1923.

COUNSEL FEES—INJUNCTION—ASSIGNMENT OF ERRORS—DISCRETION OF COURT.—
  On appeal from an order allowing counsel fees in an injunction proceeding,

when there is no assignment of errors and the original record is not exhibited the presumption is that the lower court exercised its discretion properly and the order will be affirmed.

The facts are stated in the opinion.

Mr. R. Muñoz Ramos for the appellants.

Mr. D. Sepúlveda for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order awarding counsel's fees in the sum of three hundred dollars. There is no assignment of errors and hence we shall not consider the points raised at great length.

The court refused to consider the impugnation to the memorandum of costs because it was not duly verified. Appellee says, citing from Torres v. Irizarry, 18 P. R. R. 337, that the impugnation should be considered as an answer and hence when the memorandum is verified, so should be the objections thereto if they set up questions of fact. There is force in this reasoning, although we are not entirely convinced thereby. The claim was for four hundred dollars. The court allowed three hundred dollars. We have examined the objections casually and we are quite satisfied that the court must have taken into consideration all of the matters raised therein, and it was the same judge who sat at the trial. The appellant does not show us how he was prejudiced by the action of the court and the record convinces us that the error, if any, was harmless.

Appellant says the allowance was excessive. The theory is that before the trial of an injunction suit the complainant dismissed his action and hence defendant's counsel was put to no great trouble. It is clear, however, that the mere issuance of a preliminary injunction may put a defendant and his counsel to great effort. The original proceedings are not before us and the presumption is that the court used its discretion well.

Appellants also complain that the court should have per-

mitted the filing of new or amended objections on striking out those originally filed. They limit themselves to saying that then they would have shown that the memorandum of costs was filed too late. This is a question that appellants could have readily raised orally. Appellee, we think, successfully shows the memorandum was duly filed within ten days after the judgment was unappealable, as required by section 339 of the Code of Civil Procedure as amended in 1917.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.